### PARK v. TAYLOR.

(Circuit Court of Appeals, Fifth Circuit. October 13, 1902.)

No. 1,108.

1. ARREST WITHOUT WARRANT—GROUNDS—CIVIL CASES.
   The right of arrest without warrant is limited to cases where the person arrested has committed, or is about to commit, a felony or a forcible breach of the peace, and does not extend to civil cases.

2. FALSE IMPRISONMENT—CAUSING ARREST WITHOUT WARRANT—DEFENSES.
   In an action to recover damages for assault and battery and false imprisonment, based on the action of defendant in causing plaintiff's arrest without a warrant, evidence that plaintiff was about to leave the state with a check, in violation of a contract, and that the arrest was made for the purpose of securing the check, constitutes no defense.

In Error to the Circuit Court of the United States for the Northern District of Mississippi.

This action was brought by Joseph W. Park, a citizen of Alabama, against J. W. Taylor, a citizen of Mississippi, for $50,000 damages. Plaintiff alleged

that the defendant, with force and arms, assaulted him and arrested and restrained him of his liberty without any lawful authority and without probable cause. The defendant pleaded not guilty. The bill of exceptions shows "that evidence having been given on the part of the plaintiff tending to prove that the arrest of the plaintiff complained of by the plaintiff was made by one Fostick, acting by the direction of the defendant, without warrant, and evidence was given by the defendant tending to prove that in his lifetime one R. S. Park took out certain policies of insurance upon his own life, payable to his administrator, the aggregate amount of which policies was ten thousand dollars; that said policies were issued through an insurance agency of the defendant; that said policies were several in number; that when the policies were received the said R. S. Park refused to accept more than $5,000 of such insurance, and it was then agreed that the other $5,000 of insurance should be transferred to the defendant, by whom the premium thereon had been paid by defendant; that defendant thereupon wrote on to the insurance company to get forms for transferring said insurance, but before the forms for such transfers were received the said R. S. Park died; that it was therefore agreed that the plaintiff herein should be appointed administrator of R. S. Clark, should collect all of said policies, and should pay to the said defendant the sum of twenty-five hundred dollars, as his (defendant's) interest in said insurance; that the defendant agreed to become surety on the administration bond of the plaintiff, upon the agreement of the plaintiff to deposit in the bank of the defendant all moneys belonging to said estate, including the amount collected on these insurance policies, which were only to be drawn out upon orders approved by J. M. Boone, an attorney agreed on; that defendant became such surety upon such agreement; that thereupon proof of death was made by the defendant for the plaintiff, and sent into the company, which sent its check to the defendant for $10,000, being the amount of all of said policies payable to the order of plaintiff as administrator; that defendant called plaintiff into his bank to sign receipts for said check and to indorse the same to the defendant, so that the same might be deposited in defendant's bank to the credit of said estate; that the plaintiff signed the receipts, but the same were not dated nor witnessed, and that the plaintiff thereupon, without the consent of the defendant, took said check, refused to indorse the same, and ran out of the bank, and disguised himself, and sought to leave the vicinity for the purpose of taking said check to Memphis, in the state of Tennessee; that the purpose was to prevent the proceeds of said check being received by the defendant in his bank; and the evidence tended to show that the defendant, for the purpose of securing possession of said check, caused the arrest of the plaintiff." Upon this evidence the court charged the jury that, "if they believed the facts said evidence tended to prove, then the defendant had probable and reasonable cause to cause the arrest of said plaintiff, and an arrest without warrant, under such circumstances, would be legal if it was made for the purpose only of securing said check." The jury, being so instructed, returned a verdict for the plaintiff, and assessed the damages at $1. The plaintiff brings the case to this court, and assigns as error that the court erred in the charge given.

Tim E. Cooper, for plaintiff in error.

J. M. Boone, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The defendant caused the arrest of the plaintiff without warrant. This was the foundation of plaintiff's suit, which was for assault and battery and false imprisonment. Arrests without warrant are sometimes lawful. Circumstances may exist which of themselves are a command of arrest as imperative as the command of official authority.

Such right of arrest without warrant rests upon the inherent right of society to protect itself against sudden assaults in emergencies by the spontaneous action of its members. The right is limited to cases where the person arrested has committed, or is about to commit, a criminal offense. It does not extend to civil cases, for it is not supposed that in such cases public justice will suffer by such delay in arresting a wrongdoer as may be requisite to obtain legal process, if it be a case in which process of arrest may be lawfully obtained. When one makes or causes an arrest to be made without legal process, and the legality of his action is called in question, to sustain his action. he must show a felony actually committed, and facts that had come to his knowledge which justified him in suspecting the person arrested to be the felon; or he must show a felony being committed, and an arrest made to prevent it. Forcible breaches of the peace are placed, as regards arrest without warrant, on the footing of felonies. Cooley, Torts, 174, 175. The right to liberty and immunity from arrest should be protected, unless the arrest is made necessary and proper under the principles stated.

It does not appear from the record that the plaintiff had committed any criminal offense or that he was about to commit one. The evidence tended to show that, in violation of an agreement made by him, he was endeavoring to prevent the proceeds of the check being received by the defendant at his bank. If it be conceded that the defendant was entitled to the possession of the check (although it was made payable to the plaintiff), the defendant had no right to secure its possession by force and violence. He should pursue his legal or equitable remedies, and not take the law into his own hands. The circuit court erred in the charge given.

The judgment of the circuit court is reversed, and the case remanded for a new trial.